# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FACILITY CARE CKC LLC, et al.,

    Plaintiff(s),

v.

BANK OF AMERICA, N.A.,

    Defendant(s).

Case No. 2:23-cv-01819-JCM-NJK

**Order**

[Docket No. 14]

Pending before the Court is a stipulation to extend case management deadlines by 60 days. Docket No. 14.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.[1] The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A request to extend expired deadlines in the schedule must be premised on an additional showing of excusable neglect. *See* Local Rule 26-3; *see also Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 765 (9th Cir. 2017). That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

The instant stipulation fails on a number of fronts. As a threshold matter, the stipulation seeks relief from the expert disclosure deadlines that have expired. *See* Docket No. 14 at 4. No explanation has been provided as to why excusable neglect exists to revive these expired deadlines.

---

[1] The pending stipulation cites to Local Rule 26-4, but the governing provision was moved years ago to Local Rule 26-3.

In addition, the stipulation does not establish the diligence required to show even good cause to extend any deadline (expired or unexpired). The stipulation indicates that initial disclosures were exchanged on December 18, 2023, but that the parties engaged in no discovery thereafter for three months. *See* Docket No. 14 at 2. The gist of the stipulation is that the defense needs documents from the IRS, but the stipulation provides no reason as to why subpoenas for those documents have not yet been served (or why that was not done months ago). Moreover, the stipulation identifies in vague terms discussions with the IRS, but it provides no details as to those discussions. Crucially, the stipulation does not identify the dates of those discussions or explain why those discussions could not have taken place in a manner that would allow the current deadlines to be met.

Accordingly, the stipulation to extend case management deadlines is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 16, 2024

_____
Nancy J. Koppe
United States Magistrate Judge